**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **MARVEL TECHNOLOGY (CHINA) CO. LTD.,**<br><br>  **Plaintiff,**<br><br>v.<br><br>**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,**<br><br>  **Defendants.** | **Case No.: 1:26-cv-2406**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Marvel Technology (China) Co., Ltd. ("Plaintiff") brings this action against the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations identified on Schedule A (collectively, "Defendants") (Schedule A is attached hereto as **Exhibit 1**) and alleges as follows:

## INTRODUCTION

1. Plaintiff Marvel Technology (China) Co., Ltd. ("Plaintiff") brings this action against Defendants pursuant to 35 U.S.C. §§ 1 et seq., 271, 281, 283, 284, 285 and 289 for infringement of Plaintiff's U.S. patents, attached hereto as **Exhibits 2, 3 and 4** (the "Asserted Patents").

2. This action is brought by Plaintiff to stop infringers who, without authorization or license, import, distribute, market, and sell the products identified in **Exhibit 5** and Schedule A (the "Accused Products") that infringe the Asserted Patents. The Defendants create online e-commerce stores designed to appear as authorized sellers of genuine products, while actually

1

selling Accused Products to unknowing consumers. Defendants advertise, sell, and offer Accused Products that are substantially identical to one another and embody the same design, features, and structures claimed in the Asserted Patents, demonstrating a common source or coordinated scheme and suggesting that Defendants' operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Plaintiff is compelled to initiate this action to prevent ongoing infringement of the Asserted Patents and to protect consumers from purchasing infringing goods online. As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer irreparable harm through the loss of its lawful patent rights to exclude others from making, using, offering for sale, selling, and importing the patented invention, and therefore seeks injunctive and monetary relief.

### JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to the Patent Act, 35 U.S.C. § 1 et seq., and 28 U.S.C. §§ 1331 and 1338(a)-(b).

4.    This Court has personal jurisdiction over Defendants pursuant to Va. Code Ann. § 8.01-328.1. Personal jurisdiction is proper because Defendants have caused tortious injury—namely, patent infringement—within this Commonwealth, whether through acts or omissions occurring inside or outside Virginia, and, on information and belief, they regularly conduct or solicit business, engage in a persistent course of conduct, or derive substantial revenue from goods used or consumed, or services rendered, in this Commonwealth and within this District.

5.    This Court has personal jurisdiction over Defendants because each Defendant directs business activities toward consumers in the United States, including within the State of Virginia, through the online e-commerce stores identified on Schedule A (attached hereto as **Exhibit 1**) (collectively, "Defendants' Internet Stores") and related instrumentalities through which they

2

advertise, offer to sell, sell, import, distribute, supply, fulfill, or otherwise facilitate the Accused Products. Screenshots of Defendants' Internet Stores are attached hereto as **Exhibit 6**. Defendants thereby cause products infringing Plaintiff's United States patents attached hereto as **Exhibits 2, 3, and 4** (the "Asserted Patents") to be offered for sale and sold to residents of Virginia, including within this District. Each Defendant targets this forum by accepting payment in U.S. dollars, enabling or causing the Accused Products to be shipped into this District, and, on information and belief, importing and selling the Accused Products as shown in **Exhibit 5**. **Exhibit 7** are screenshots of purchase orders of the Accused Products that are available, confirming the ability of ordering and shipping the Accused Products to this District. Defendants have thereby committed acts of infringement in Virginia, engaged in interstate commerce, and caused substantial injury to Plaintiff in this District.

6.     Additionally, this Court has personal jurisdiction over non-U.S. based Defendants under Fed. R. Civ. P. 4(k)(2) for their violations of the federal patent law. On information and belief, the non-U.S. based Defendants are not subject to jurisdiction in any state's courts of general jurisdiction, and the exercise of such jurisdiction is consistent with the United States Constitution and laws. Because each of the non-U.S. based Defendants directs its commercial activities at residents of the United States, personal jurisdiction is thus also proper pursuant to Rule 4(k)(2).

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1400(b). A substantial part of the events giving rise to the claims occurred in this District, including Defendants' sale of the Accused Products and the resulting harm and injury suffered by Plaintiff. Defendants have committed acts of infringement. Alternatively, as to non-U.S. based Defendants, venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) because they are foreign entities having no residence in the United States.

## THE PARTIES

8.    Plaintiff Marvel Technology (China) Co., Ltd. ("Plaintiff") is a Chinese limited liability company with its principal place of business at Floor 6, Building 14, Longbi Industrial Zone, No. 27 Dafa Road, Bantian Street, Longgang District, Shenzhen, China.

9.    Plaintiff is the owner of all rights, title, and interest in and to the Asserted Patents. Plaintiff operates its own online e-commerce stores to advertise, offer for sale, and sell commercial embodiments of the Asserted Patents. See **Exhibit 8**. Defendants are direct competitors of Plaintiff.

10.    Plaintiff has not granted a license or any other form of permission to Defendants with respect to the Asserted Patents.

11.    Upon information and belief, Defendants identified on Schedule A conduct business throughout the United States, including within the State of Virginia and this Judicial District, through the operation or facilitation of Defendants' Internet Stores. See **Exhibit 6**. Defendants act in concert to advertise, distribute, and sell the Accused Products into the United States, including Virginia, and their coordinated roles in the supply and sales chain give rise to infringement of the Asserted Patents. Defendants operate their respective online stores, through which they advertise, offer for sale, and sell the Accused Products. Tactics used by Defendants to conceal their identities and the scope of their operations make it difficult for Plaintiff to ascertain their true identities and the full extent of their infringement. Plaintiff reserves the right to amend this Complaint as additional information becomes available.

12.    Defendants are business entities that, upon information and belief, reside in foreign countries such as the People's Republic of China. Defendants conduct business in the United States by offering or facilitating the sale of the Accused Products through Defendants' Internet Stores.

Each Defendant targets the United States, including Virginia, and has offered to sell, and, on information and belief, has sold and continues to sell the Accused Products to consumers within this District.

## DEFENDANTS' WRONGFUL AND INFRINGING CONDUCT

13. On information and belief, Defendants are an interrelated group of infringers working in active concert to make, use, offer for sale, sell, and/or import into the United States the Accused Products that infringe the Asserted Patents in the same transaction, occurrence, or series of transactions or occurrences.

14. The claims against all Defendants arise from their involvement in the importation, distribution, marketing, or sale of the Accused Products alleged to infringe the Asserted Patents.

15. As seen in **Exhibit 5**, the infringing products are identical aside from minor variations such as the color. They all use a similar construction, including the structure and type. They all appear identical and infringe the Asserted Patents in the same manner. As such, common questions of fact exist in regard to all Defendants in terms of infringement and any likely counterclaims for noninfringement and/or invalidity of the Asserted Patents. Furthermore, each of the Defendant stores relies on identical or similar advertising of the same product.

16. On information and belief, Defendants go to great lengths to conceal their identities and often use multiple business names and different foreign addresses to register and operate Defendants' Internet Stores. Such tactics are consistent with the practices of infringers familiar to Plaintiff, who typically close or abandon one Internet store only to open another under a different name, making enforcement of Plaintiff's patent rights difficult.

17. Further, infringers such as Defendants often operate multiple merchant and payment accounts behind layers of intermediaries so that they can continue operating despite enforcement

efforts. On information and belief, Defendants maintain off-shore accounts and move funds to accounts outside the jurisdiction of this Court.

18.    Without authorization or license from Plaintiff, Defendants have knowingly and willfully offered for sale, sold, and/or imported into the United States the Accused Products that infringe the Asserted Patents, and continue to do so through Defendants' Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Virginia, and, on information and belief, Defendants have caused the Accused Products to be sold and shipped into this District.

19.    Defendants' infringement of the Asserted Patents in connection with the importation, offering for sale, and sale of the Accused Products has been willful.

20.    Defendants' infringement of the Asserted Patents, including the offering for sale and sale of the Accused Products into Virginia, is irreparably harming Plaintiff.

**COUNT I**
**INFRINGEMENT OF UNITED STATES PATENT NO.** █████████
**(35 U.S.C. § 271)**

21.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

22.    Defendants have manufactured, offered for sale, sold, and/or imported into the United States, for subsequent resale or use, the Accused Products identified in **Exhibit 5** and Schedule A that infringe the ████████ Patent. An exemplary comparison chart showing the infringement of the ████████ Patent is attached as **Exhibit 9**.

23.    Defendants' aforesaid acts constitute infringement of the ████████ Patent under 35 U.S.C. § 271. Defendants have engaged in such infringing conduct and will continue to do so unless enjoined by this Court.

24.    Defendants' infringing conduct has caused and will continue to cause Plaintiff irreparable harm, including the loss of Plaintiff's lawful right to exclude others from making, using, selling, offering for sale, and importing the patented design. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

25.    Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in concert with them from infringing the ███████ Patent, Plaintiff will continue to be greatly and irreparably harmed.

26.    Plaintiff is entitled to recover damages adequate to compensate for Defendants' infringement, together with interest and costs, pursuant to 35 U.S.C. § 284. Plaintiff is also entitled to be awarded Defendants' total profits from the sale of any article of manufacture to which the patented design, or any colorable imitation thereof, has been applied, pursuant to 35 U.S.C. § 289.

## COUNT II
## INFRINGEMENT OF UNITED STATES PATENT NO. ███████████
### (35 U.S.C. § 271)

27.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

28.    Defendants have manufactured, offered for sale, sold, and/or imported into the United States, for subsequent resale or use, the Accused Products identified in **Exhibit 5** and Schedule A that infringe the ███████ Patent. Exemplary claim charts showing the infringement of the ███████ Patent are attached as **Exhibits 10, 11 and 12**.

29.    Defendants' aforesaid acts constitute infringement of the ███████ Patent under 35 U.S.C. § 271. Defendants have engaged in such infringing conduct and will continue to do so unless enjoined by this Court.

30.    Defendants' infringing conduct has caused and will continue to cause Plaintiff

irreparable harm, including the loss of Plaintiff's lawful right to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

31.  Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in concert with them from infringing the ▇▇▇▇ Patent, Plaintiff will continue to be greatly and irreparably harmed.

32.  Plaintiff is entitled to recover damages adequate to compensate for Defendants' infringement, together with interest and costs, pursuant to 35 U.S.C. § 284.

## COUNT III
## INFRINGEMENT OF UNITED STATES PATENT NO. ▇▇▇▇
### (35 U.S.C. § 271)

33.  Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

34.  Defendants have manufactured, offered for sale, sold, and/or imported into the United States, for subsequent resale or use, the Accused Products identified in **Exhibit 5** and Schedule A that infringe the ▇▇▇▇ Patent. Exemplary claim charts showing the infringement of the ▇▇▇▇ Patent are attached as **Exhibits 13, 14, and 15**.

35.  Defendants' aforesaid acts constitute infringement of the ▇▇▇▇ Patent under 35 U.S.C. § 271. Defendants have engaged in such infringing conduct and will continue to do so unless enjoined by this Court.

36.  Defendants' infringing conduct has caused and will continue to cause Plaintiff irreparable harm, including the loss of Plaintiff's lawful right to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

37.   Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in concert with them from infringing the ▮▮▮▮▮ Patent, Plaintiff will continue to be greatly and irreparably harmed.

38.   Plaintiff is entitled to recover damages adequate to compensate for Defendants' infringement, together with interest and costs, pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A.   That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a)   making, using, offering for sale, selling, and importing into the United States any products not authorized by Plaintiff that infringe the Asserted Patents;

b)   aiding, abetting, contributing to, or otherwise assisting anyone in infringing the Asserted Patents; and

c)   effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

B.   Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, Temu, Alibaba, Walmart, TikTok, AliExpress, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment service providers, Internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers"), shall:

9

a)      disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Asserted Patents;

b)      disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods covered by the Asserted Patents; and

c)      take all steps necessary to prevent links to Defendants' Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to Defendants' Internet Stores from any search index.

C.      That Plaintiff be awarded such damages as will adequately compensate Plaintiff for Defendants' infringement of the Asserted Patents, together with an accounting of all profits realized by Defendants, or others acting in concert or participation with them, from the unauthorized use and infringement of the Asserted Patents.

D.      That Plaintiff be awarded enhanced damages, up to three times the amount of actual damages and Defendants' profits, pursuant to 35 U.S.C. § 284, based on Defendants' willful infringement.

E.      That Plaintiff be awarded its reasonable attorneys' fees and costs as permitted by law.

F.      That Plaintiff be awarded any and all other relief that the Court deems just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues triable by jury.

DATED: August 4, 2026                          Respectfully submitted,


             By: */s/ Kendal M. Sheets*
             Kendal Sheets (VSB No. 44537)
             ksheets@dnlzito.com
             Tel: 703-489-8937
             Joseph J. Zito (pro hac vice pending)
             jzito@dnlzito.com
             Tel. (202) 466-3500
             DNL ZITO
             1250 Connecticut Avenue, NW
             Ste. 700
             Washington, DC 20036
             *Attorneys for Plaintiff*
             Marvel Technology (China) Co., Ltd.

11